Linda **LEISURE**, Plaintiff–Appellant,

v.

Jim **KARNES**, Defendant–Appellee.

No. 01–3258.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

### ORDER

Linda Leisure, an Ohio resident proceeding pro se, appeals a district court judgment dismissing her civil action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 8, 2000, Leisure filed a complaint against Jim Karnes, Sheriff of Franklin County, Ohio. The complaint alleged that on August 7, 2000, Leisure was escorted from the courtroom of Judge Daniel T. Hogan during a criminal trial that she was attending as a spectator. Leisure, who refers to herself as "The Whistleblower," and "The Witness," claimed that Judge Hogan ordered a Franklin County deputy sheriff to remove her from his courtroom simply because of *"the look on [her] face."* As relief, Leisure sought an injunction to prevent the Franklin County Court of Common Pleas and the Franklin County Sheriff from receiving federal funds *"until [sic] they allow the public (plaintiff) to 'access public buildings'* who cause *no disrupting acts* only have *'looks on their faces'* that the judges and sheriffs do not like."

Karnes filed a motion for summary judgment, to which Leisure responded. Leisure also filed three motions to recuse, a motion for a protective order, and a motion to change venue. The district court granted Karnes's motion for summary judgment, denied all of Leisure's motions, and dismissed the action. Both of Leisure's motions to reconsider were subsequently denied. Leisure has filed a timely appeal. She has also filed a motion for change of venue to the Court of Appeals for the First Circuit.

Upon review, we conclude that the district court properly denied Leisure's motion for recusal. *See United States v. Hartsel,* 199 F.3d 812, 815 (6th Cir.1999) (denial of motion to recuse is reviewed for abuse of discretion). Leisure did not present any evidence to establish that the impartiality of Judge Smith or Magistrate Judge Abel might reasonably be questioned. *See* 28 U.S.C. § 455(a). Leisure's subjective beliefs alone are insufficient to establish that Judge Smith and Magistrate Judge Abel were biased against her. *See United States v. Sammons,* 918 F.2d 592, 599 (6th Cir.1990).

Upon de novo review, we conclude that the district court properly granted summary judgment in favor of Karnes. *See Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001) (district court's

grant of summary judgment is reviewed de novo). Leisure has the right to attend criminal trials. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). However, such right of access is not without exception, as a judge has the overriding authority to maintain dignity in the courtroom and may order such persons removed who disrupt the proceedings. *See id.* at 581–82 n. 18, 100 S.Ct. 2814; *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1179 (6th Cir.1983). The excerpted transcript of the proceedings in question reveals that Leisure was disrupting the proceedings in the criminal matter over which Judge Hogan was presiding. Judge Hogan informed Leisure that she was welcome to stay in the courtroom if she would stop her distracting gestures and behavior, but Leisure became argumentative, refused to listen to Judge Hogan, and denied that she had done anything wrong. As a result of Leisure's conduct, Judge Hogan ordered her removal from the courtroom and, in response to his order, a Franklin County Deputy Sheriff escorted Leisure out of the courtroom. Thus, summary judgment in favor of Karnes was appropriate.

In light of Leisure's failure to withstand Karnes's motion for summary judgment, she is unable to establish that she is entitled to an injunction. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987); *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir.1994).

Accordingly, the motion for change of venue is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.